IN THE SUPERIOR COURT OF GUAM

AM II: 16



| | |
|---|---|
| SALVADOR ENRIQUEZ, ) | **CIVIL CASE NO. CV1486-11** |
| Plaintiff, ) | |
| vs. ) | **DECISION AND ORDER** |
| ELSIE SMITH, ) | |
| Defendant. ) | |

## INTRODUCTION

This matter came before the Honorable James L. Canto II pursuant to a Decision and Order issued by this Court on October, 31, 2013. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On October 31, 2013, the Court held that Defendant is entitled to an attorney's fees and costs award of Twenty-Two Thousand Ninety-One Dollars and Eighty-Two Cents ($22,091.82) pursuant to 7 GCA § 17106(g)(1). Further, the Court imposed a sanction upon Plaintiff pursuant to 7 GCA § 17106(g)(2) in the amount of Twenty Thousand Dollars ($20,000.00). Both these amounts totaling Forty-Two Thousand Ninety-One Dollars and Eighty-Two Cents ($42,091.82) were held to be due and owing to Defendant by Plaintiff.

On November 22, 2013, Defendant filed a motion for reconsideration of the October 31, 2013 decision pursuant to Guam R. Civ. P. 60(b). Plaintiff argues that the Court committed clear error and argues that: (1) the denial of an award of attorney's fees between September 22, 2011 and December 11, 2012 is manifestly unjust; (2) sanctions should be awarded against Plaintiff's attorneys; (3) Defendant presented evidence at the evidentiary hearing supporting her claim for compensatory damages. (Mot. Recons., 3-8, Nov. 22, 2013).

On December 13, 2013, Plaintiff filed an opposition and a cross-motion. Plaintiff argues that Defendant fails to meet any of the Rule 60(b) standards for reconsidering the Court's



decision. (Opp'n Mot., 1, Dec. 13, 2013). Plaintiff claims that reference to any settlement discussions, as new evidence, is improper pursuant to Rule 408 of the Guam Rules of Evidence. *Id.* at 3. In addition, Plaintiff himself appears to request the Court to reconsider the amount of sanctions in the form of a cross-motion. *Id.* at 3-4.

On Dec. 17, 2013, Defendant filed a reply to the opposition of the motion for summary judgment and an opposition to the cross-motion. Defendant reasserts his initial position and asserts that the new evidence presented by Defendant is not precluded by Rule 408 as Plaintiff suggests, and that it shows that Plaintiff is the party who unnecessarily fought to maintain and exacerbate the baseless lawsuit. (Reply, 2-3, Dec. 17, 2013). Furthermore, Defendant claims that the $20,000.00 sanction award should be awarded against Plaintiff's counsel in addition to Plaintiff pursuant to 7 GCA § 17106(g)(2). *Id.* at 7.

**DISCUSSION**

**I.     Rule 60(b) of the Guam Rules of Civil Procedure**

Under Guam law, a party may be relieved from final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b) (2010).

A motion for reconsideration is justified where the "trial court (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38 (internal quotation marks and citations omitted).

///


ORIGINAL

## II. Denial of Attorney's Fees between September 22, 2011 and December 11, 2012

Defendant's request for reconsideration of the denial of attorney's fees between September 22, 2011 and December 11, 2012 is grounded on their submission of an e-mail exchange between the parties' counsels on September 22, 2011, September 25, 2011, and November 6, 2013, as well as a copy of a letter sent by Defendant's counsel to Plaintiff's counsel on September 25, 2011. (Decl. Robert L. Keogh, Exhibits A-C, Nov. 15, 2013). Defendant claims that this is new evidence warranting reconsideration. The Court does not agree.

New evidence to justify reconsideration refers to newly discovered evidence. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Thus, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (*quoting Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The alleged new evidences submitted by Defendant are evidences which could have reasonably been raised earlier in the litigation to support their claim. *Id.* In the absence of newly discovered evidence, the Court is unable to grant Defendant's motion on this ground. *Id.*

Defendant alternatively claims that the denial of attorney's fees during this period is manifestly unjust and that the Court committed clear error. Clear error has been defined by the Guam Supreme Court as follows:

> Clear error requires more than a mere allegation that a prior panel rendered an unfavorable decision. Clear error leading to manifest injustice is judged under a stringent standard: A mere suspicion of error, no matter how well supported, does not warrant reopening an already decided point.

*People v. Orallo*, 2006 Guam 8 ¶ 12 (internal quotations and citations omitted).

In this case, the Court finds that Defendant has not met her burden to show clear error. The Court carefully considered the reasonable amount of attorney's fees attributable to Defendant, and Defendant is seeking reconsideration of an issue that has been previously presented before the Court. (Mot. Recons., 3-7, Nov. 15, 2013). Given that Defendant's motion



presented no pertinent new evidence, law, or demonstration of clear error, the motion is denied. *See Quitugua*, 2004 Guam 19 ¶ 38.

**III.     Sanctions**

Under Guam law, "the court shall award a moving party who is dismissed, without regards to any limit under Guam law: ... (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated." 7 GCA § 17106(g)(2) (2005). Defendant requests that the sanction be amended to include Plaintiff's counsel "as required by 7 GCA §17106(g)(2)." (Reply, 2-3, Dec. 17, 2013).

The Court does not agree with Defendant's interpretation of the statute. Under the plain reading of the statute, imposition of a sanction is at the Court's discretion and it may be imposed on the responding party, its attorney, or law firm. *See Sumitomo Constr. Co., Ltd. v. Gov't of Guam*, 2001 Guam 23 ¶ 17 ("It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails."). Defendant also requests for clarification as to whether the sanction is imposed on Plaintiff's counsel. In the Decision and Order issued on October 31, 2013, the Court stated as follows: "the Court hereby imposes a sanction upon Plaintiff pursuant to 7 GCA § 17106(g)(2) in the amount of Twenty Thousand Dollars ($20,000.00)." (Dec. & Order, 10, Oct. 31, 2013). The Court finds no ambiguity in its decision to impose a sanction on Plaintiff, and not his attorney. Furthermore, Defendant has not met her burden for the Court to reconsider its decision regarding the sanctions. *See Quitugua*, 2004 Guam 19 ¶ 38. Accordingly, Defendant's motion to reconsider is denied as to this ground.

Similarly, Plaintiff has not met his burden for the Court to reconsider its decision to impose sanctions. *See id.* Therefore, Plaintiff's cross-motion to reconsider the imposition of sanctions is denied.

**IV.     Compensatory Damages**

Defendant seeks the Court to reconsider its October 21, 2013 decision and award her compensatory damages for the damages caused by this lawsuit by arguing that the court



ORIGINAL

committed clear error and the decision was manifestly unjust. Defendant correctly cites that Defendant testified in person at the evidentiary hearing about how the lawsuit affected her, her husband, and her work performance. (Mot. Recons., 7-8, Nov. 15, 2013). However, the Court is not convinced that her testimony alone is sufficient for an award of compensatory damages in this case.

Under Guam law, "[c]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20 ¶ 13 (*quoting State Farm Mt. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)). The measure of damages for the breach of an obligation not arising from contract is "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." 20 GCA § 2225 (2005).

In this case, Defendant testified that she did not lose any wages as a result of the service of the complaint. (Testimony of Elsie Smith, Record Log at 11:26, June 24, 2013). Further, Defendant fails to adequately connect the service of the complaint and the lawsuit to her sufferings. She testified that she was stressed while being deployed to Kuwait for over 6 months. *Id.* However, she acknowledged that being away from her family without adequate access to a telephone during her deployment added to the stress. *Id.* Absent further evidence, the Court is unable to find that her testimony alone adequately shows that the lawsuit was the proximate cause of her harm. In addition, Defendant fails to quantify the extent of her alleged harm.

Moreover, under Guam law, the award of compensatory damages to a person damaged or injured by reason of a claim filed in violation of their immunity under the CPGA is discretionary. 7 GCA §17106(h). The Court, in its discretion, finds that compensatory damages are not appropriate in this case.

///

///

ORIGINAL

## V. Violation of Rule 11, Guam Rules of Civil Procedure.

Guam R. Civ. P. Rule 11 states in pertinent part:

By presenting to the Court … a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law for the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; …

Guam R. Civ. P. Rule 11(b) (2010).

The Court may impose sanctions upon the attorneys, law firms, or parties who violate this Rule, pursuant to Guam R. Civ. P. Rule 11(c). The Court is highly concerned that it appears Defendant's motion for reconsideration was filed with the Court in violation of subsections (b)(1) and (b)(3) of Rule 11. Thus the Court will separately issue an order to show cause against Defendant's counsel for said violation, in accordance with Guam R. Civ. P. Rule 11(c)(1)(B).

///

///

///

### CONCLUSION

Based upon the foregoing, Defendant's motion for reconsideration is hereby DENIED. In addition, Plaintiff's cross-motion is hereby DENIED.

**SO ORDERED** this _11th_ day of March, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

P. Maylan, AG

Jeff Cook, Robert Koss

Date: 3/11/ Time: 11:30am

Deputy Clerk, Superior Court of Guam